**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAY HOKANSON, as Attorney-in-Fact of CLARENCE RALPH HOSFORD, and Individually, <br><br> Plaintiff, <br><br> v. <br><br> KERR CORPORATION; PATTERSON COMPANIES, INC., Individually and as successor to Patterson Dental Company; PATTERSON DENTAL SUPPLY, INC.; and GROBET USA, <br><br> Defendants. | CIVIL ACTION NO. 13-4534 (MLC) <br><br> **MEMORANDUM OPINION** |

**THE PLAINTIFF** seeks to remand the action to state court. (See dkt. entry no. 9, Pl. Notice of Cross Mot.)[1] The Court will remand the action to state court for the following reasons.

**THE PLAINTIFF**, who is an Iowa citizen, commenced the action on July 10, 2013 in New Jersey state court to recover damages for personal injuries suffered by her father — Clarence Ralph Hosford, who is also an Iowa citizen — due to asbestos exposure while practicing as a dentist. (See dkt. entry no. 1-2, Compl.) The plaintiff originally named as defendants: (1) Kerr Corporation ("KCO"), which is allegedly deemed to be a citizen of both

---

[1] The caption on this Memorandum Opinion reflects the caption on the Amended Complaint, which will be discussed herein. (See dkt. entry no. 9-2, Am. Compl. at 1.)

Delaware and Ohio; (2) Patterson Companies, Inc. ("PCI"), which is deemed to be a Minnesota citizen; and (3) Patterson Dental Supply, Inc. ("PDS"), which is also deemed to be a Minnesota citizen. (See dkt. entry no. 1, Notice of Removal at 2-3.)[2]

**THE PLAINTIFF** filed the Amended Complaint on July 19, 2013, adding a defendant listed as Grobet USA ("GUSA"), which is allegedly deemed to be a New Jersey citizen. (See dkt. entry no. 9-1, 8-20-13 Pl. Br. at 1-2; Am. Compl. at 1-3.)[3] On July 18, 2013, one day before the Amended Complaint was filed, the plaintiff notified the state court, counsel for PCI and PDS, KCO's counsel, and — notably — GUSA's counsel of her intention to add GUSA ("7-18-13 Letter"). (See dkt. entry no. 4-2, 7-18-13 Letter at 1-2.) No defendant had filed a responsive pleading in state court as of July 19, 2013. (See 8-20-13 Pl. Br. at 2.)

**THE STATE COURT** acknowledged GUSA's addition to the action in an order entered on July 25, 2013 ("7-25-13 State Court Order"), and apparently GUSA's counsel and counsel for the other defendants were served that same day with notice of GUSA's

---

[2] The Court's independent research indicates that KCO may actually be deemed to be a citizen of both Delaware and California. This is not relevant to this discussion.

[3] The Court assumes that the parties have accurately alleged that GUSA is a corporation. Compare 28 U.S.C. § 1332(c)(1) (concerning citizenship of corporations), with Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010) (concerning citizenship of limited liability companies).

addition.  (See 8-20-13 Pl. Br. at 2; dkt. entry no. 4-4, 7-25-13 State Court Order and Service List; dkt. entry no. 9-3, 7-25-13 State Court Order and Service List.)

**PCI AND PDS** were aware that GUSA had been added as of July 26, 2013, and even contacted GUSA's counsel to determine whether GUSA had been served with the Amended Complaint.  (See dkt. entry no. 4-5, 7-26-13 Email exchange between PCI and PDS counsel and plaintiff's counsel ("7-26-13 Email"); dkt. entry no. 10-6, 7-29-13 Email exchange between PCI and PDS counsel and GUSA counsel ("7-29-13 Email").)  PCI and PDS were also aware of the 7-25-13 State Court Order by the morning of July 26, 2013.  (See 7-26-13 Email.)

**PCI AND PDS** removed the action pursuant to 28 U.S.C. § ("Section") 1332 on either July 26, 2013 or July 29, 2013.  (See Notice of Removal at 1-3 (noted as being filed in federal court on 7-26-13); dkt. entry no. 10, 9-3-13 PCI & PDS Br. at 3 (stating "removal was effective July 29, 2013 at 8:58 AM"); dkt. entry no. 10-5, Notification of Notice of Removal (stamped by state court as being filed 7-29-13 at 8:45 AM); 7-29-13 Email (stating PCI and PDS counsel served notice of removal on 7-29-13 at 8:30 AM).)  See 28 U.S.C. § 1446(d) (stating that removing defendant — after filing notice of removal in federal court — "shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State

court, which shall effect the removal"). Only KCO explicitly consented to the removal. (See dkt. entry no. 1-3, KCO Consent dated 7-25-13.)

**THE ORIGINAL COMPLAINT** — not the Amended Complaint — was annexed to the Notice of Removal. (See generally dkt. entry no. 1.) In addition, the 7-18-13 Letter and the 7-25-13 State Court Order were not annexed thereto. PCI and PDS also did not obtain GUSA's consent. GUSA was apparently served with the Amended Complaint on July 29, 2013 at 2:45 PM. (See dkt. entry no. 17, 1-20-14 Pl. Br. at 2; dkt. entry no. 17-2, Affidavit of Service on GUSA.)

**THE PLAINTIFF** argues that: (1) GUSA is deemed to be a New Jersey citizen; (2) GUSA is considered to be a forum defendant ("Forum Defendant"); and (3) removal is thus barred under the Forum Defendant Rule. See 28 U.S.C. § 1441(b)(2) (stating "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"). PCI and PDS argue in response that GUSA was not properly served before removal was effected, and thus the Forum Defendant Rule does not apply. (See 9-3-13 PCI & PDS Br. at 4-8).

**THERE IS** disagreement in the case law addressing Section 1441(b)(2) as to whether non-forum defendants can remove an

4

action where there is an unserved Forum Defendant named in the action. The Third Circuit Court of Appeals has yet to address the issue. This Court intends to abide by the line of "cases holding that a non-forum defendant cannot remove a case where there are unserved forum defendants" because:

> "The purpose of diversity jurisdiction is to provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries by making available to them the benefits and safeguards of the federal courts." S.Rep.No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S. Code Cong. & Admin. News 3099, 3102. "The forum defendant rule, 28 U.S.C. § 1441(b)(2), recognizes that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of local bias is reduced, if not eliminated." Swindell-Filiaggi v. CSX Corp., 922 F.Supp.2d 514, 518 (E.D. Pa. 2013) (citation omitted). . . . [T]he reduction of bias generated by a forum defendant's participation in a case is present whether the forum defendant is served before or shortly after the matter is removed. The Court also notes that the purpose of the "properly joined and served" language in the rule was to prevent plaintiffs from adding a forum defendant solely to prevent removal, i.e. fraudulent joinder. Therefore, it would make no sense for Congress to enact the "properly joined and served" language in order to prevent gamesmanship on the part of a plaintiff only to have that language allow for a different type of gamesmanship by a defendant. See Sullivan [v. Novartis

Pharm. Corp., 575 F.Supp.2d 640,] 646 [(D.N.J. 2008)] ("Moreover, given that the purpose of the 'properly joined and served' language is to prevent one form of gamesmanship — improper joinder — the court finds that allowing defendants to engage another type of gamesmanship — a hasty filing of a notice of removal — is demonstrably at odds with Congressional intent."). The Court does not believe that Congress intended the Forum Defendant Rule to reward those defendants who win the "race to remove" before plaintiff has a chance to serve properly joined forum defendants. See id. ("The literal application of § 1441(b) in this case would both produce bizarre results that Congress could not have intended, and results that are demonstrably at odds with the objectives Congress did intend to effect."). This is especially true here, where Plaintiffs moved forward with serving the forum defendant shortly after this matter was removed . . . . A different result may be mandated in cases where it appears as though there was fraudulent joinder or where a plaintiff was dilatory in serving the forum defendant after a notice of removal is filed. However in this case, the Court does not find that the goals of the Forum Defendant Rule's "properly served" language would be promoted by an overly technical reading of the Rule. Thus, the Court finds that the Forum Defendant Rule prohibits the removal of [a] case even if the forum defendant . . . was not served until after this matter was removed.

[T]he Court's ruling that the Forum Defendant Rule bars the removal of this case even if [a forum defendant] was

6

served shortly after the effective date of removal moots a number of disputes raised in the briefing. Lone Mountain Ranch v. Santa Fe Gold Corp., No. 13-962, 2013 WL 6706003, at *2-3 (D.N.M. Dec. 17, 2013).

**THE PARTIES' DISAGREEMENTS** concerning the ramifications of the timing of the events that transpired from July 18, 2013 to July 29, 2013 illustrate that the aforementioned reasoning is justified. The Court will not engage in an analysis that would require an hour-by-hour assessment of the parties' conduct over the course of several days.

**THE PARTIES AGREE** that GUSA is a Forum Defendant. The plaintiff timely moved for remand. See 28 U.S.C. § 1447(c). The action will be remanded.

**THE COURT** further notes that PCI and PDS failed to annex the 7-18-13 Letter and the 7-25-13 State Court Order to the Notice of Removal. PCI and PCS were certainly aware of the 7-18-13 Letter and the 7-25-13 Order when they removed the action; they should have made the Court aware of them by annexing them to the Notice of Removal. See 28 U.S.C. § 1446(a) (requiring removing defendant to annex "a copy of all process, pleadings, and orders served upon such defendant" to notice of removal). Thus, the removal was improper for violating Section 1446(a) as well.

**THE COURT** also notes that PCI and PDS failed to obtain GUSA's explicit consent to removal. PCI and PDS had to "obtain

7

the unanimous consent of all defendants before seeking to remove the case to federal court". Step Plan Servs. v. Koresko, 219 Fed.Appx. 249, 250 (3d Cir. 2007) (explaining rule of unanimity). Only KCO consented. Removal was also improper on this ground. (See 8-20-13 Pl. Br. at 1 (arguing same).)

**PCI AND PDS** sought to transfer the action to "the District of Iowa" if the action were not remanded to state court. (See dkt. entry no. 6-1, 8-2-13 PCI & PDS Br. at 1-2, 7.) That request will be denied in view of the impending remand of the action. As the request to transfer will not be denied on the merits, PCI and PDS are free to seek similar relief in state court pursuant to the doctrine of forum non conveniens. See Yousef v. Gen. Dynamics Corp., 205 N.J. 543, 548 (2011).

**THE COURT** will grant the plaintiff's request to remand the action to state court. For good cause appearing, the Court will issue an appropriate order and judgment.

                                             s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated: March 10, 2014